```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


BRIAN PETERSON                *
                              *
v.                            *    Civil Action No. WMN-13-3812
                              *
NORTHROP GRUMMAN SYSTEMS      *
CORPORATION, et al.           *
                              *
                              *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Dismiss filed by Defendant Salaried Employees Association (SEA), ECF No. 39, as to Count III of the Second Amended Complaint, ECF No. 37. (Peterson).  The Court determines that no hearing is necessary, Local Rule 105.6 and for the reasons stated herein, the motion will be GRANTED.

Brian Peterson brings this action against SEA under 42 U.S.C. § 1981 alleging that SEA's conduct in representing him as a union member interfered with his employment contract with Northrop Grumman because of his status as an African-American. SEA's Motion to Dismiss constitutes its third motion to dismiss Peterson's complaint against it.  Peterson filed an amended complaint, ECF No. 21, in response to SEA's first motion, which SEA responded to in turn by filing its second motion to dismiss.

ECF No. 23.  This Court granted the second motion to dismiss on the ground that Peterson failed to state a cognizable claim against SEA under 42 U.S.C. § 1981.  ECF No. 35-36.  Since SEA only raised its arguments under § 1981 in its second motion to dismiss and not the first, the Court granted leave for Peterson to amend Count III of its Amended Complaint as to SEA within fourteen days of the Court's dismissal of his claims.  ECF No. 36.  Peterson responded to the Court's order by filing his Second Amended Complaint on September 29, 2014.  ECF No. 37.  SEA responded by filing its third motion to dismiss on the same ground that Peterson has failed to state a claim against it.  ECF No. 39.

The facts of this case remain substantially the same as recounted in the Court's first opinion.  See ECF No. 35 at 1-4.  In his Second Amended Complaint, Peterson has added seven paragraphs that are the focus of SEA's motion.  ECF No. 37 ¶¶ 75-81.  These paragraphs allege three failures on SEA's part: first, that SEA "refused to file" grievances relating to Northrop Grumman's actions "because of Plaintiff's race," id. ¶¶ 75-77; second, that SEA "because of Plaintiff's race," failed to properly represent him during his investigatory activity and his suspension and termination "as it would for similarly situated Non-African American Northrop Grumman employees and SEA members," id. ¶¶ 79-80; and third, that "because of plaintiff's

race" SEA failed to protect Peterson from retaliation for engaging in protected activities. Id. ¶ 81.

Defendant SEA's motion is governed by Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept as true all well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A court need not accept a plaintiff's legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

3

Section 1981 outlaws race discrimination in the making and enforcement of private contracts.  The statute provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  This right extends to, for example, the "making, performance, modification, and termination of contracts and the enjoyments of all benefits, privileges, terms, and conditions of the contractual relationship."  Id. § 1981(b). "Section 1981 'can be violated only by purposeful discrimination' and 'must be founded on purposeful, racially discriminatory actions.'"  Hawthorne v. Virginia State University, 568 Fed. App'x 203, 205 (4th Cir. 2014)(per curiam)(citations omitted).

In its prior opinion, the Court held that "to simply say that SEA 'failed to file grievances' and 'fairly represent Plaintiff to address his claims' does not sufficiently support a conclusion that Peterson, as an African American union member, was treated differently than a Caucasian union member during the grievance process."  ECF No. 35 at 10.  In order to carry its burden of pleading, the new allegations in Peterson's Second Amended Complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  In order to draw this inference, the plaintiff must show "(1) he or she is a member of a racial minority; (2) the

4

defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute." Baltimore-Clark v. Kinko's, Inc., 270 F. Supp. 2d 695, 699 (D. Md. 2003).

Peterson's Second Amended Complaint is insufficient, as his pleadings relating to the second element – that SEA intended to discriminate on the basis of race – constitute either threadbare recitations of the cause of action or mere speculation. Although Peterson does not need to establish a prima facie case of discrimination, Swierkiewicz v. Sorema, 534 U.S. 506, 510-11 (2002), he still carries the burden of alleging facts sufficient to state all elements of his claim. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) ("The Supreme Court's holding in Swierkiewicz v. Sorema did not alter the basic pleading requirements that a plaintiff set forth facts sufficient to allege each element of his claim.").

In paragraphs 76 through 81, Peterson adds the phrase "because of Plaintiff's race" to specific actions that were not taken by SEA – namely, filing grievances in response to Northrop Grumman's actions, defending against Northrop Grumman's accusations that led to Peterson's termination, and protecting Peterson against retaliation.  The phrase "because of Plaintiff's race" is not a fact relating to SEA's conduct, but a recitation of an element for which Peterson must provide facts.

To say that SEA acted "because of Plaintiff's race" is simply insufficient to allege that "the defendant intended to discriminate." See Fontell v. McGEO UFCW Local 1994, Civ. No. 09-AW-2526, 2010 WL 3086498, at *7 (D. Md. Aug. 6. 2010) ("[A] successful claim under Section 1981 must include more than a conclusory allegation of a discriminatory animus.").[1]

In Counts 79 and 80, Peterson also alleges that SEA refused to take certain actions "as it would for similarly situated Non-African American Northrop Grumman employees and SEA members." The Second Amended Complaint does not identify a similarly situated union member outside a protected class or even that a similarly situated union member did in fact receive different treatment. To speculate that his treatment would have been different is insufficient to allege that his treatment was, in fact, different. See, Williams v. Wicomico Cnty. Bd. Of Education, 836 F. Supp. 2d 387, 394 (D. Md. 2011) (holding that the plaintiff's burden was met when he alleged that his

---

[1] Peterson argues that for the Court to require more would be "to dismiss the holdings in Twombly and Swierkiewicz," ECF No. 41-2 at 4, that "Plaintiff has alleged the facts sufficient enough for SEA to form an answer," and that "[a]ny greater detail should be provided through discovery." Id. at 5. The allegations as crafted by Peterson are the "sort of unadorned allegations of wrongdoing to which Twombly and Iqbal are directed." Francis v. Giacomelli, 588 F.3d 186, 195-96 (4th Cir. 2009). In addition, discovery is meant to reveal the details of the claim, not the plain statement of the facts in the pleadings. See Burriss v. Texaco, 361 F.2d 169, 175 (4th Cir. 1966).

supervisors treated him more harshly than "at least one similarly-situated Caucasian teacher, and that the difference was motivated by race").

Although Peterson has fleshed out the nature of grievances he wished to file and when he wanted to file them, the allegations of discrimination against SEA remain conclusory. The reasons for filing his grievances relate back to Northrop Grumman's conduct.  Ultimately, when the new allegations in his Second Amended Complaint are boiled down, his complaint is that SEA refused to take action "because of Plaintiff's race."  The repeated use of this phrase is insufficient to allege that SEA engaged in intentionally discriminatory conduct under Section 1981. Bass v. E.I. DuPont De Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (holding that asserting that defendant "engaged in various acts of which she complains 'because of her race and sex'" was insufficient to survive a motion to dismiss).  As such, the Court will grant SEA's Motion to Dismiss.

Accordingly, it is this 8th day of January, 2015, by the United States District Court for the District of Maryland ORDERED that:

1. Defendant SEA's Motion to Dismiss, ECF No. 39, is GRANTED;

2. The Clerk of the Court shall TERMINATE this action as to Defendant SEA; and,

7

3. The Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
                  _____/s/_____
                  William M. Nickerson
                  Senior United States District Judge
```